[No. B204797. Second Dist., Div. Seven. Dec. 17, 2008.]

COMPULINK MANAGEMENT CENTER, INC., Plaintiff and Respondent, v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Defendant and Appellant.

### COUNSEL

Cates Peterson, Mark D. Peterson; Greines, Martin, Stein & Richland, Robert A. Olson and Marc J. Poster for Defendant and Appellant.

Jones Day, Robert C. Weiss, Yolanda Orozco and Anna E. Raimer for Plaintiff and Respondent.

### OPINION

**ZELON, J.**—Respondent Compulink Management Center, Inc. (Compulink), brought an action against its insurer, appellant St. Paul Fire and Marine Insurance Company (St. Paul), for breach of contract and breach of the implied covenant of good faith and fair dealing. In its complaint, Compulink contended that St. Paul failed to comply with its duty to defend Compulink in a third party suit. St. Paul petitioned the trial court to compel arbitration of the action pursuant to Civil Code section 2860, subdivision (c).[1] The trial court denied St. Paul's petition in its entirety on the grounds that Compulink's allegations of bad faith took the action beyond the scope of section 2860's arbitration provision. We conclude that, based on the plain language of the statute, the parties were required to arbitrate the portion of their dispute that pertains to the amount of attorney's fees owed to Compulink for its defense by independent (*Cumis*) counsel. (See *San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494] (*Cumis*).) We accordingly reverse and remand with instructions to the trial court to order a section 2860 arbitration of issues concerning the amount of *Cumis* fees allegedly owed by St. Paul. All other issues in the action are to be adjudicated in the trial court.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Compulink was insured under a general liability policy issued by St. Paul. Pursuant to the policy, St. Paul had a duty to defend and indemnify

---

[1] Unless otherwise stated, all further statutory references are to the Civil Code.

Compulink against certain claims or suits. The policy also included a provision entitled "Expenses incurred by protected persons." That provision stated that St. Paul will "pay all reasonable expenses that any protected person incurs at [its] request while helping [it] investigate or settle, or defend a protected person against, a claim or suit."

During the policy period, Compulink sued LR Hines Consulting, Inc. (Hines), a former distributor of Compulink, and AlphaCorp, Hines's new vendor. Hines and AlphaCorp then cross-complained against Compulink for defamation, unfair business practices, and intentional interference with prospective economic advantage. Compulink tendered the defense of the cross-complaints to St. Paul, and St. Paul agreed to defend Compulink subject to a reservation of rights. Because St. Paul believed the reservation of rights created a conflict of interest with Compulink, St. Paul agreed to allow Compulink to select independent counsel to defend it in the third party suit.

After the case settled, Compulink filed suit against St. Paul, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.[2] Compulink alleged that St. Paul failed to comply with its duty to defend by engaging in conduct that included the following: (1) failing to timely accept the defense of the cross-actions; (2) underpaying and delaying payment of legal fees and costs; (3) reneging on agreements regarding the allocation of defense costs and a reasonable hourly fee rate; (4) impeding settlement of the action by refusing to participate in mediation; and (5) refusing to contribute an adequate amount to the settlement. Compulink further alleged that St. Paul's bad faith actions prevented a timely settlement of the cross-complaints and forced Compulink to incur additional legal fees and to enter into a less favorable settlement. Compulink sought economic damages in excess of $1 million, along with a declaration that St. Paul had a duty to pay all outstanding legal fees incurred by Compulink in defending against the cross-complaints.

St. Paul filed a petition to compel arbitration pursuant to section 2860, subdivision (c). In its petition, St. Paul alleged that it had already paid Compulink approximately $468,000 in independent counsel's fees and costs, and that the gravamen of Compulink's complaint was that it was entitled to additional attorney's fees. St. Paul argued that, because the central issue in the case was the amount of *Cumis* fees allegedly owed to Compulink, the

---

[2] Prior to the filing of Compulink's complaint against St. Paul, the parties agreed to arbitrate their attorney's fee dispute. However, because Compulink believed St. Paul was unreasonably delaying in reaching an arbitration agreement, Compulink filed an action in state court.

action was subject to mandatory arbitration under section 2860, subdivision (c). Compulink opposed the petition on the grounds that its complaint alleged wrongful conduct by St. Paul that extended far beyond the mere failure to pay attorney's fees, and therefore, fell outside the scope of section 2860's arbitration provision. Compulink also asserted that the parties' insurance policy required St. Paul to pay all "reasonable" attorney's fees which, according to Compulink, exempted their fee dispute from both the rate caps and arbitration provisions of section 2860.

The trial court denied St. Paul's petition to compel arbitration because Compulink's complaint included allegations beyond a mere attorney's fee dispute. The court specifically found as follows: "[P]laintiff's bad faith allegations . . . go beyond the scope of Ca. Civ. Code § 2860(c)'s arbitration provision, as '[t]he language of Civil Code section 2860 can only be interpreted to limit the scope of arbitrable disputes to those in which only the amount of legal fees or the hourly billing rates are at issue,' *Fireman's Fund Ins. Companies v. Younesi* (1996) 48 Cal.App.4th 451, 459 [55 Cal.Rptr.2d 671]." Following the denial of its petition, St. Paul filed a timely notice of appeal.

## DISCUSSION

### I. *Section 2860's Arbitration Provision*

■ Generally, an insurance carrier owes a duty to defend its insured against third party claims covered under an indemnity policy. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 45–46 [65 Cal.Rptr.2d 366, 939 P.2d 766]; *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 295–296 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) This includes the duty to provide competent defense counsel and to pay all reasonable legal fees and costs. (*Aerojet-General Corp. v. Transport Indemnity Co.* (1997) 17 Cal.4th 38, 57–58 [70 Cal.Rptr.2d 118, 948 P.2d 909]; *Gray Cary Ware & Freidenrich v. Vigilant Insurance Co.* (2004) 114 Cal.App.4th 1185, 1189–1190 [8 Cal.Rptr.3d 475] (*Gray Cary*).) Where an insurer provides a defense under a reservation of rights, however, a conflict of interest may arise between the insurer and its insured. (*Cumis, supra,* 162 Cal.App.3d at pp. 364–365.) In such a case, the insurer has a duty to provide its insured with independent counsel of the insured's choosing (*Cumis* counsel). (*Id.* at p. 375.)

In 1987, the Legislature codified the *Cumis* decision by enacting section 2860. (Stats. 1987, ch. 1498, § 4, p. 5779.) Subdivision (c) of the statute includes a provision concerning the arbitration of attorney's fee disputes:

"When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) errors and omissions coverage. The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. *Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.*" (§ 2860, subd. (c), italics added.)

## II. *Standard of Review*

This appeal raises the issue of whether section 2860, subdivision (c) requires arbitration of any of the claims or issues set forth in Compulink's complaint against St. Paul. The trial court denied St. Paul's petition to compel arbitration based on its interpretation of the scope of section 2860's mandatory arbitration provision. The proper interpretation of a statute, and its application to undisputed facts, presents a question of law that is subject to de novo review. (See *Gray Cary, supra,* 114 Cal.App.4th at p. 1190 [applying de novo review to issue of whether § 2860, subd. (c) encompasses disputes over legal expenses]; *Handy v. First Interstate Bank* (1993) 13 Cal.App.4th 917, 922–923 [16 Cal.Rptr.2d 770] (*Handy*) [applying de novo review to question of whether § 2860, subd. (c) requires arbitration of disputes over an insurer's duty to defend].)[3]

---

[3] Compulink suggests that the trial court's order must be reviewed for an abuse of discretion. It cites to a statement in *Fireman's Fund Ins. Companies v. Younesi, supra,* 48 Cal.App.4th at page 459 (*Younesi*), in which the appellate court concluded that there was "no abuse of discretion by the trial court" in denying a motion to compel arbitration on the grounds that the action fell outside the scope of section 2860, subdivision (c). Apart from this single statement, however, *Younesi* did not address the appropriate standard of review to be applied to the trial court's order. The other cases cited by Compulink do not offer guidance on the proper standard of review to be applied here because arbitration in those cases was denied on different grounds. (See *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804 [19 Cal.Rptr.2d 138] (*Caiafa*) [applying abuse of discretion standard to order to stay arbitration in favor of pending federal action based on principles of comity between state and federal courts]; *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 101 [284 Cal.Rptr. 255] [applying abuse of discretion standard to order to stay arbitration based on Code Civ. Proc., § 1281.2, which governs stays of contractual arbitration].)

■ The rules governing statutory interpretation are well settled. We begin with the fundamental principle that "[t]he objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]" (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) To ascertain that intent, "we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 [14 Cal.Rptr.3d 857, 92 P.3d 350].) The statute's every word and clause should be given effect so that no part or provision is rendered meaningless or inoperative. (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274 [41 Cal.Rptr.2d 220, 895 P.2d 56]; *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) Moreover, a statute is not to be read in isolation, but construed in context and " 'with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citations.]" (*People v. Toney* (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778]; see also *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976] [" 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' "].)

III. *Section 2860, Subdivision (c) Requires Arbitration of any Issues Concerning the Amount of* Cumis *Fees Owed by St. Paul.*

St. Paul relies primarily on the plain language of the statute in arguing that section 2860, subdivision (c) requires the parties to arbitrate the issue of the attorney's fees allegedly owed for Compulink's defense by independent (*Cumis*) counsel. Compulink, on the other hand, asserts that the case law interpreting section 2860, subdivision (c) is controlling and holds that arbitration is required only in cases where the sole issue is independent counsel's billing rate or hours. We turn first to the language of the statute.

■ Section 2860, subdivision (c) provides, in pertinent part, that "[a]ny dispute concerning attorney's fees not resolved by [an alternative dispute resolution procedure set forth in the policy] shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." The language of the statute is clear. It requires arbitration of any and all *Cumis* fee disputes unless the parties' insurance policy provides for an alternative dispute resolution procedure. On its face, section 2860 does not

contain an exception for fee disputes in cases where other claims or issues also are alleged. It accordingly does not exempt from arbitration *Cumis* fee disputes that are coupled with additional bad faith claims. As this division has recognized with respect to section 2860, the "California Legislature has spoken. It has decided that *within the California courts* these *Cumis* fee issues are to be decided in an arbitration forum, not the *state's* judicial forum." (*Caiafa, supra*, 15 Cal.App.4th at p. 803, original italics.)

We recently affirmed this principle in *Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460 [78 Cal.Rptr.3d 483] (*Long*). In *Long*, an insured's *Cumis* counsel sued the insurer for breach of contract and breach of the implied covenant of good faith and fair dealing based on the insurer's failure to pay the attorney's full hourly rate for his independent representation of the insured. (*Id.* at p. 1466.) We held that section 2860's arbitration provision applied to the parties' fee dispute notwithstanding the insurer's decision to forgo retention of counsel to represent its own interests in the third party suit. (163 Cal.App.4th at p. 1474.) In so doing, we noted that *Cumis* counsel's appropriate remedy was to file a petition to compel arbitration because section 2860, subdivision (c) does not confer jurisdiction on the courts to hear disputes over *Cumis* fees. (163 Cal.App.4th at p. 1474.) Rather, based on the plain language of the statute, "[a]ny dispute concerning attorney fees to be paid *Cumis* counsel must be submitted to arbitration unless an alternative dispute resolution procedure is required by the insurance policy. (§ 2860, subd. (c).)" (*Id.* at p. 1471.)

Compulink contends that requiring arbitration of any part of its dispute with St. Paul would be contrary to the holdings in *Younesi, supra*, 48 Cal.App.4th 451, and *Caiafa, supra*, 15 Cal.App.4th 800. In *Younesi*, an insurer filed a state court action against its insured's *Cumis* counsel, asserting claims for fraud, malpractice, and conversion. (*Younesi, supra*, 48 Cal.App.4th at p. 455.) The gravamen of the complaint was that *Cumis* counsel had engaged in a scheme of fraudulent billing practices. (*Ibid.*) The trial court denied *Cumis* counsel's motion to compel arbitration under section 2860, subdivision (c), and Division Four of this district affirmed. (*Younesi*, at p. 459.) The appellate court acknowledged that attorney's fees were a "central issue" in the case, but reasoned that "this is not merely a dispute about billing rates" because the complaint also included allegations of malpractice and fraud. (*Id.* at p. 458.) The court then concluded that "the language of Civil Code section 2860 can only be interpreted to limit the scope of arbitrable disputes to those in which only the amount of legal fees or the hourly billing rates are at issue." (*Id.* at p. 459.) Because the complaint alleged claims

beyond a mere attorney's fee dispute, the court held that section 2860's arbitration provision did not apply to the action at all. (*Younesi*, at p. 459.)

In reaching its holding about the scope of section 2860, subdivision (c), the Court of Appeal in *Younesi* relied on this division's decision in *Caiafa, supra*, 15 Cal.App.4th 800. In *Caiafa*, an insurer brought a federal action against its insured's *Cumis* counsel for fraud. (*Id.* at p. 802.) It alleged that *Cumis* counsel violated the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 U.S.C. § 1961 et seq.) by submitting fraudulent billings and undertaking unnecessary legal work. (15 Cal.App.4th at p. 802.) While the federal action was pending, *Cumis* counsel filed a petition in state court to compel arbitration of its unpaid attorney's fees. (*Id.* at pp. 802–803.) The insurer opposed the petition, arguing that the state court proceeding should be stayed pending resolution of the federal RICO action. (15 Cal.App.4th at p. 803.) The trial court denied the petition and granted the stay, and we affirmed. (*Ibid.*)

The issue before us in *Caiafa* was whether the trial court abused its discretion in staying a state court action in favor of a pending federal court action between substantially identical parties affecting the same subject matter. Because the case directly concerned the relationship between state and federal courts, we rejected *Cumis* counsel's argument that the issue on appeal was "the same as whether the trial court could stay this mandatory arbitration in favor of some other *state court* proceeding, which proceeding sought to resolve the same issue through some means other than arbitration." (*Caiafa, supra*, 15 Cal.App.4th at p. 803.) We explained that "[i]f the only issue in dispute truly was the *amount* of *Cumis* counsel fees the insurance company owed, it would be improper, in most circumstances at least, for a trial court to stay the arbitration proceeding mandated under section 2860 in order to allow a judicial proceeding *in the California courts* to decide that issue and that issue alone. But this is an entirely different issue than the propriety of staying a section 2860 arbitration while a *federal* court decides a case involving those same *Cumis* counsel fees." (*Ibid.*)

We then addressed the distinction between *Cumis* fee disputes filed in state court and those filed in federal court. We recognized that section 2860's requirement that such fee disputes be resolved in arbitration is binding only on California courts. As such, "*within the California courts* these *Cumis* fee issues are to be decided in an arbitration forum, not the *state's* judicial forum." (*Caiafa, supra*, 15 Cal.App.4th at p. 803.) Federal actions involving *Cumis* fee issues, on the other hand, are not subject to section 2860's arbitration procedure. Instead, "federal courts retain the power to decide these

and any other issues, when properly before them, through any dispute resolution method the federal statutes and rules provide." (15 Cal.App.4th at p. 804.) Applying these principles to the trial court's stay order, we noted that the federal action was filed prior to the state action and raised issues much broader than the amount of *Cumis* counsel fees. (*Id.* at pp. 805–806.) We therefore held that the trial court did not abuse its discretion in concluding that "the full-scale federal fraud trial is a better forum for deciding the full range of issues bearing on this subject matter than would a section 2860 hearing before a single arbitrator." (*Id.* at p. 806.)

The *Younesi* court appeared to read *Caiafa* as holding that a full-scale fraud trial, whether held in state or federal court, is a better forum for deciding *Cumis* fee disputes that are pursued in an action that also asserts fraud claims. (*Younesi, supra,* 48 Cal.App.4th at p. 458.) We disagree. The decision in *Caiafa* was based on principles of comity between state and federal courts, not whether a trial court is a better forum than arbitration for resolving disputes over *Cumis* fees. Indeed, we expressly noted in *Caiafa* that "the fact the subject matter of this dispute, if decided in the state court, would necessarily be resolved through mandatory arbitration is entirely irrelevant in answering the question of the state court's power to defer to an earlier federal action." (*Caiafa, supra,* 15 Cal.App.4th at p. 803.) To the extent that *Caiafa* considered the scope of section 2860's arbitration provision in a state court proceeding, it made clear that "when a *Cumis* fee issue is to be decided in the California courts[,] it is to be decided through the mandatory arbitration procedure set forth in section 2860." (*Caiafa,* at p. 804.) *Caiafa* made no exception for *Cumis* fee disputes that were intertwined with other nonarbitrable issues.

Compulink also relies on two other state court decisions—*Gray Cary, supra,* 114 Cal.App.4th 1185, and *Handy, supra,* 13 Cal.App.4th 917—to support its argument that arbitration under section 2860 is not required where there are other issues involved in the action apart from attorney's fees. However, we agree with St. Paul that these cases simply stand for the proposition that section 2860, subdivision (c) does not compel arbitration of matters not specified in the statute. Neither case holds that section 2860's arbitration requirement is inapplicable to matters which are specified in the statute merely because there are other issues to be adjudicated in the trial court.

*Gray Cary,* for instance, held that section 2860, subdivision (c) does not require arbitration of disputes over "defense expenses" incurred by independent counsel, as opposed to disputes over "attorney's fees," because defense

expenses are not specified in the statute. (*Gray Cary, supra*, 114 Cal.App.4th at p. 1193.) But *Gray Cary* never suggested that attorney's fee issues fall outside the scope of section 2860's arbitration provision whenever other nonarbitrable issues also are alleged. Similarly, in *Handy*, this division held that section 2860, subdivision (c) does not require arbitration of disputes over whether an insurer had a duty to defend in the first instance or whether a conflict of interest existed between the insurer and insured requiring appointment of independent counsel. (*Handy, supra*, 13 Cal.App.4th at p. 924.) Instead, we concluded that judicial resolution of these foundational issues "are prerequisites to arbitration of any subsequent 'fee dispute' with independent counsel under Civil Code section 2860." (*Ibid.*) Notably, in reaching this holding, we implicitly recognized that the presence of other nonarbitrable issues in an action does not preclude arbitration of *Cumis* fee issues, as long as any disputed matters regarding the duty to defend and to appoint independent counsel are resolved by the trial court. (*Id.* at pp. 924–925; see also *Truck Ins. Exchange v. Dynamic Concepts, Inc.* (1992) 9 Cal.App.4th 1147, 1150–1151 [11 Cal.Rptr.2d 873] [holding that § 2860 compels arbitration of *Cumis* fee disputes once independent counsel has been provided to the insured, but does not apply to disputes over whether independent counsel is warranted in the first instance].)

█ We accordingly decline to follow the decision in *Younesi* to the extent it holds that section 2860's arbitration provision only applies when the sole issue in dispute is the amount or rate of *Cumis* counsel's fees. The plain language of the statute contains no such limitation. Rather, we believe that our decisions in *Caiafa, Handy*, and *Long* support a conclusion that *Cumis* fee questions must be arbitrated. Notwithstanding the inclusion of other nonarbitrable issues in Compulink's complaint, any contested issues concerning the amount of attorney's fees allegedly owed by St. Paul for Compulink's independent counsel are subject to mandatory arbitration under section 2860, subdivision (c). While Compulink's complaint alleges wrongful conduct beyond the mere failure to pay attorney's fees, the parties do not dispute that the amount of attorney's fees owed by St. Paul is a contested issue in this action. Pursuant to section 2860, subdivision (c), that issue must be resolved by an arbitrator, not by any other trier of fact. All other issues fall outside the scope of section 2860's arbitration provision, and thus, are to be adjudicated in the trial court.

IV. *The Policy Provision Regarding Reasonable Expenses Does Not Exempt the Parties from the Requirements of Section 2860, Subdivision (c).*

Alternatively, Compulink claims that section 2860 does not apply to the parties' *Cumis* fee dispute because the policy contains a "different or

additional policy provision[] pertaining to attorney's fees." (§ 2860, subd. (c).) That provision, entitled "Expenses incurred by protected persons," is set forth in a section on "Additional payments." It states that St. Paul will "pay all reasonable expenses that any protected person incurs at [its] request while helping [it] investigate or settle, or defend a protected person against, a claim or suit." Compulink argues that St. Paul's obligation to pay all reasonable expenses in accordance with that policy provision included an obligation to pay all reasonable attorney's fees. Compulink further asserts that this purported agreement to pay all reasonable attorney's fees thereby exempted the parties' fee dispute from any of section 2860's provisions, including its attorney rate caps and mandatory arbitration requirements. Compulink's argument is without merit.

■ We do not construe the policy provision regarding St. Paul's duty to pay all reasonable "expenses" as encompassing a duty to pay all reasonable "attorney's fees." As the Court of Appeal recognized in *Gray Cary*, defense expenses incurred by an insured are distinct from the attorney's fees owed to its independent (*Cumis*) counsel. (*Gray Cary, supra*, 114 Cal.App.4th at p. 1192 [concluding that *Cumis* defense expenses are not equivalent to *Cumis* attorney's fees for the purposes of § 2860's arbitration requirement].) When read in context, it is clear that the "reasonable expenses" clause is an additional policy provision that is not directed at attorney's fees, but at other costs incurred by an insured in defending against covered claims. Moreover, even if the "reasonable expenses" clause was intended to constitute a different policy provision regarding attorney's fees, it still would not make section 2860's arbitration provision inapplicable. ■ Section 2860 mandates that "[a]ny dispute concerning attorney's fees" be resolved in arbitration unless an alternative dispute resolution procedure is set forth in the policy. (§ 2860, subd. (c).) However, the policy at issue here does not provide for any different method of resolving disputes over attorney's fees. The parties' *Cumis* fee dispute therefore remains subject to section 2860's arbitration requirement.

For these reasons, the trial court erred in denying St. Paul's petition to compel arbitration in its entirety. On remand, the trial court must order a section 2860 arbitration of any issues concerning the amount of *Cumis* fees allegedly owed by St. Paul, including any disputed issues regarding independent counsel's hourly rate or number of hours billed. All remaining issues are to be adjudicated in the trial court.

## DISPOSITION

The order denying St. Paul's petition to compel arbitration is hereby reversed and remanded to the trial court. On remand, the trial court shall order the parties to arbitrate any issues concerning the amount of *Cumis* fees allegedly owed to Compulink by St. Paul, pursuant to section 2860, subdivision (c). All other issues in the action are to be adjudicated in the trial court. St. Paul shall recover its costs on appeal.

Perluss, P. J., and Jackson, J., concurred.