[No. A127581. First Dist., Div. Three. Mar. 25, 2011.]

THE HOUSING GROUP et al., Plaintiffs and Respondents, v.
PMA CAPITAL INSURANCE COMPANY et al., Defendants and
Appellants.

## COUNSEL

Wolkin Curran, Brandt L. Wolkin and David F. Myers for Defendants and Appellants.

Law Offices of Jon-Marc Dobrin, Jon-Marc Dobrin and Eugene N. Stuart III for Plaintiffs and Respondents.

## OPINION

**McGUINESS, P. J.**—Defendants PMA Capital Insurance Company, as successor in interest to Caliber One Indemnity Company, and Caliber One Management Company appeal from an order, filed November 19, 2009, denying their petition to compel arbitration of a dispute concerning attorney fees to be paid to an alleged *Cumis* counsel.[1] (See Civ. Code, § 2860, subd. (c).) We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2007, plaintiffs The Housing Group, Golden State Developers, Inc., Castro Valley Associates, LP., and Castro Valley, Inc., commenced this lawsuit against their insurers defendants PMA Capital Insurance Company, as successor in interest to Caliber One Indemnity Company, and Caliber One Management Company (hereinafter collectively referred to as Caliber One). The record does not include a copy of the first amended complaint, the operative pleading, which was filed May 22, 2008. Caliber One describes the pleading as one in which plaintiffs seek damages for "breach of contract, bad faith, fraud, declaratory relief, malicious prosecution, and negligent representation . . . ." Plaintiffs describe the pleading as seeking damages for Caliber

---

[1] The term *"Cumis* counsel" is derived from *San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 364 [208 Cal.Rptr. 494] (*Cumis*). In response to *Cumis,* our Legislature enacted Civil Code section 2860, which " 'clarifies and limits' " *Cumis.* (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 59–60 [65 Cal.Rptr.2d 366, 939 P.2d 766] (*Buss*).) The statute uses the term "independent counsel." (Civ. Code, § 2860.) For purposes of this appeal, we use the terms *"Cumis* counsel" and "independent counsel" interchangeably.

One's failure and refusal to defend plaintiffs in certain third party actions arising out of The Views subdivision in Castro Valley, California.

Caliber One petitioned to compel arbitration of an alleged *Cumis* fee dispute pursuant to Civil Code[2] section 2860, subdivision (c) (hereinafter section 2860(c)).[3] In support of the request, Caliber One argued: "The instant action involves disputes regarding the applicable fee that should be paid by Caliber One for legal services rendered by the independent counsel for plaintiffs" in three underlying third party lawsuits (hereinafter referred to as the *Engleman*, *Morrison*, and *Mid-Century* actions, or the underlying litigation). According to Caliber One, "[p]laintiffs seek as damages in this action the full hourly billable rate of their corporate counsel while Caliber One agreed to pay the rate that is actually paid by Caliber One to attorneys it retains in the ordinary course of business to defend similar actions in the community where the claim was being defended." Caliber One paid defense fees and costs in excess of $35,000, but plaintiffs found the payment insufficient.[4] Consequently, Caliber One argued the court was required, pursuant to section 2860(c), to compel arbitration of the "distinct dispute" regarding the applicable fees that should be paid by Caliber One for legal services rendered by plaintiffs' independent counsel. Relying principally on *Compulink Management Center, Inc. v. St. Paul Fire & Marine Ins. Co.* (2008) 169 Cal.App.4th 289 [87 Cal.Rptr.3d 72] (*Compulink*), Caliber One also argued that arbitration was mandatory even though plaintiffs also sought

---

[2] All further unspecified statutory references are to the Civil Code.

[3] Section 2860 reads, in pertinent part: "(a) If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel. . . . [¶] . . . [¶] (c) . . . The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute."

[4] Caliber One attached to its petition a letter from Hal Beral, president of plaintiff Golden State Developers, Inc., to counsel for Caliber One, which was sent after this lawsuit was filed. In this letter Beral stated, in pertinent part: "How dare your client take the position, after breaching the duty to defend by not paying one dime for the defense until after the case has settled, of paying only $35,287.45? My company had to pay the entire defense prior to the settlement. Your client breached our contract. Your client is liable for our attorneys' fees and costs as damages. Your client has no right to pay '*Cumis* rates' or 'independent counsel' rates under Civil Code section 2860 or any other basis as a result of its breach of the contract and bad faith failure to defend. I hereby demand, again, that your client reimburse my company all of the attorneys' fees and costs as damages."

damages for Caliber One's alleged bad faith and unreasonable delay in agreeing to defend plaintiffs and in failing to make timely payments of defense fees and costs.

Plaintiffs opposed the petition on various grounds, including that Caliber One could not invoke section 2860(c) because it did not and could not offer any evidence it had ever agreed to defend plaintiffs in the underlying litigation. Plaintiffs submitted a declaration of their counsel, who averred that Caliber One had not accepted the tender of the *Engleman* action and never defended that action (except for making a minor payment to reimburse plaintiffs' damages arising out of fees after the case settled), and Caliber One never responded to a tender of the *Morrison* and *Mid-Century* actions or agreed to defend either of those actions. Plaintiffs also submitted "two reservation of rights" letters from Caliber One responding to the tender of the *Engleman* action. According to plaintiffs, the letters did not indicate Caliber One would defend plaintiffs in the underlying litigation.[5] Finally, plaintiffs argued there were outstanding questions concerning whether *Cumis* counsel was actually retained or required in the first instance, which issues were not subject to arbitration under section 2860(c).

In reply, Caliber One argued that arbitration was compelled by the following allegation in plaintiffs' first amended complaint: "Notwithstanding the fact that on the even [*sic*] of trial, defendants finally admitted coverage for the *Engleman* Action and paid Plaintiffs' share of the settlement in the amount of $193,000 and drafted the settlement agreement for the *Engleman* Action, defendants retaliated against Plaintiffs for having filed this lawsuit by only reimbursing Plaintiffs less than $36,000 for defense fees and costs." Caliber One also argued that its two "reservation of rights" letters, and payment of defense fees and costs, constituted an acknowledgement of their duty to defend the *Engleman* lawsuit.

After a hearing, the trial court denied the petition to compel arbitration. It noted plaintiffs had submitted declarations and evidence demonstrating that

---

[5] Each letter contained the following statements: "Caliber One will investigate the duty to defend the complaint of *Engleman* under a full and complete **Reservation of Rights** of all the terms and conditions of the above referenced policy. Caliber One is in the process of moving and has recalled its underwriting file in order to confirm coverage for this matter. If coverage is confirmed Caliber One will participate in the defense of Golden State through the Dobrin firm [(plaintiffs' counsel)] from the date of tender subject to the satisfaction of the $50,000 deductible per occurrence including loss adjustment expense. If coverage is confirmed Caliber One will pay legal fees and costs on a quarterly basis. Caliber One will pay partner rates up to $165.00 per hour, associates up to $125.00 per hour and paralegals up to $85.00 per hour. Caliber One will only pay upon receipt of the actual billing not billing summaries and all legal billing is subject to audit." Each letter also requested that plaintiffs submit certain information "[i]n order for Caliber One to assess its duty to defend . . . ."

either no defense fees were paid on the underlying actions, or, in one case, defense fees were not paid until the action settled, and that Caliber One had not hired counsel to defend plaintiffs in the underlying litigation. Relying on the reasoning in *Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1233 [282 Cal.Rptr. 43] (*Stalberg*), in which an insurer had rejected a tender to defend, the trial court found Caliber One's failure to provide a defense left plaintiffs in the same position as if Caliber One had failed to defend. The trial court also found persuasive the decision in *Atmel Corp. v. St. Paul Fire & Marine* (N.D.Cal. 2005) 426 F.Supp.2d 1039, 1047 (*Atmel*), in which the federal district court, interpreting California law, held that an insurer could not avail itself of the protections and limitations set forth in section 2860, because it was undisputed that the insurer had not defended the insured in the underlying litigation. The trial court here then ruled: "In the case at bar, since the Court finds that the Caliber One Defendants did not provide a defense, the Court finds that these defendants are not entitled to compel an arbitration pursuant to Section 2860." Caliber One timely appeals.

## DISCUSSION

Caliber One presents several arguments challenging the denial of its petition to compel arbitration. We conclude none of the contentions requires reversal.

Initially, we reject Caliber One's argument that we should analyze the trial court's decision de novo because it is based on facts presented in the petition, and therefore the proper scope of the application of section 2860(c), and whether arbitration is mandated in this case, "is a question that is subject to de novo review." Unlike the situations in *Compulink, supra,* 169 Cal.App.4th at page 295, and *Handy v. First Interstate Bank* (1993) 13 Cal.App.4th 917, 922–923 [16 Cal.Rptr.2d 770] (*Handy*), cited by Caliber One, the trial court in this case did not deny the petition based on an application of section 2860(c) to undisputed facts. Instead, as plaintiffs correctly argue, the denial of the petition is based on the finding that Caliber One did not defend plaintiffs in the underlying litigation, which we review for substantial evidence. (*Engineers & Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653 [35 Cal.Rptr.2d 800].)

■ An insurer's "duty to defend arises when tender is made. It obligates the insurer, unless no part of any claim is potentially covered, to fund a defense to minimize the insured's liability. [Citation.]" (*State of California v. Pacific Indemnity Co.* (1998) 63 Cal.App.4th 1535, 1546 [75 Cal.Rptr.2d 69].) "To defend meaningfully, the insurer must defend immediately. [Citation.]" (*Buss, supra,* 16 Cal.4th at p. 49.) "Imposition of an immediate duty to defend is necessary to afford the insured what it is entitled to: the full

protection of a defense on its behalf. [Citation.]" (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 295 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) "If the courts did not impose an *immediate* defense obligation upon a showing of a 'potential for coverage,' thereby relieving the insured from the burden of financing his own defense and then having to sue the insurer for reimbursement, the premiums paid by the insured would purchase nothing more than a lawsuit. [Citation.]" (*Haskel, Inc. v. Superior Court* (1995) 33 Cal.App.4th 963, 979, fn. 14 [39 Cal.Rptr.2d 520], italics added (*Haskel*).) If an insurer "is providing a defense under a reservation of rights and has agreed to utilize independent counsel," an insurer may compel arbitration to resolve a dispute regarding the payment of defense fees pursuant to section 2860(c). (*Truck Ins. Exchange v. Superior Court* (1996) 51 Cal.App.4th 985, 998 [59 Cal.Rptr.2d 529]; see *Atmel, supra*, 426 F.Supp.2d at p. 1047 ["as numerous courts have recognized, '[t]o take advantage of the provisions of [section] 2860, an insurer must meet its duty to defend and accept tender of the insured's defense, subject to a reservation of rights' "].)

Caliber One argues that in this case it was entitled to compel arbitration pursuant to section 2860(c), because "it is undisputed" that it did not deny the tender by plaintiffs, and it not only "acknowledged the tender and issued a reservation of rights, but also paid defense fees and costs." According to Caliber One, "Plaintiffs provided no evidence, or even argument, that [Caliber One] ever 'denied' the underlying tender of defense. The record plainly establishes, to the contrary, that [Caliber One] issued two separate reservation of rights letters, neither of which included any statements that could possibly be construed as denying the claim. The record clearly demonstrates that [Caliber One] paid sums for defense fees." According to Caliber One, "[o]nce payments of defense expenses have been paid, as [p]laintiffs clearly admit, [p]laintiffs cannot reasonably contend that [Caliber One] 'failed to defend' relative to the underlying action. Rather, as was alleged in [p]laintiffs' operative pleading, the [p]laintiffs' complaint is that [Caliber One] paid too little. Statutory arbitration provides the mandatory forum for all such claims." We conclude Caliber One's arguments fail.

Caliber One argues its duty to defend was met because its two reservation of rights letters acknowledged the receipt of plaintiffs' tender of the defense and, to the extent coverage was found to exist, Caliber One agreed plaintiffs could defend the underlying litigation using their chosen counsel. We disagree. Concededly, the letters did not explicitly disclaim or deny coverage. However, the trial court could accept plaintiffs' interpretation that the letters were only an expression of Caliber One's future intent to comply with its duty to defend, and not an actual acceptance or agreement to provide a defense or to appoint plaintiffs' chosen counsel as *Cumis* counsel. As an appellate court, "[i]t is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. . . . Even in cases where the

evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions for those of the trier of fact, which must resolve such conflicting inferences in the absence of a rule of law specifying the inference to be drawn." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630–631 [85 Cal.Rptr.2d 386].)

■ Additionally, we see no merit to Caliber One's argument that it could not be found to have "failed to defend" the *Engleman* action once it paid some but not all of plaintiffs' defense fees. Caliber One produced no evidence demonstrating it paid any defense fees or costs during the course of the underlying litigation, and it did not dispute plaintiffs' evidence that no payment of defense fees and costs was made until after the *Engleman* action was settled. The trial court properly treated Caliber One's payment of defense fees at the end of the litigation "as the equivalent of a defense denial." (*Haskel, supra*, 33 Cal.App.4th at p. 976, fn. 9.) "Such a unilateral limitation of [Caliber One's] responsibility is not justified. If it owes any defense burden it must be fully borne [citation] with allocations of that burden among other responsible parties to be determined later." (*Ibid.*; see also *Eigner v. Worthington* (1997) 57 Cal.App.4th 188, 196 [66 Cal.Rptr.2d 808] ["[w]hen an insurer wrongfully refuses to defend, the insured is relieved of his or her obligation to allow the insurer to manage the litigation and may proceed in whatever manner is deemed appropriate"]; *Stalberg, supra*, 230 Cal.App.3d at p. 1233 [when an insurer wrongfully denies a defense, it gives up the right to control the defense and cannot condition its payment of attorney fees on the insured's use of particular defense counsel].) As the trial court here reasoned, an acceptance of Caliber One's position—that "insurers always can take advantage of [section] 2860 despite immediately failing to meet their burden to defend"—would encourage insurers to reject their *Cumis* obligations for as long as they chose because they knew they could invoke the limitations and remedies of section 2860 at any time.

■ Caliber One's reliance on *Compulink, supra*, 169 Cal.App.4th 289, is misplaced because in that case the parties did not dispute the characterization of the insurer's payment of defense fees as *Cumis* fees. (*Id.* at pp. 293, 300, 301.) Here, however, plaintiffs' opposition and Caliber One's reply raise the issue of whether Caliber One's payment of defense fees should be considered *Cumis* fees. The parties' characterization of the payments as defense fees does not render them *Cumis* fees. Whether Caliber One's payments were *Cumis* fees was a disputed issue properly presented and resolved by the trial court. (See *Intergulf Development LLC v. Superior Court* (2010) 183 Cal.App.4th 16, 21–22 [107 Cal.Rptr.3d 162] (*Intergulf*) [the trial court is to resolve the preliminary question of duty to defend or disputes over if and when the insurer recognized the insured's right to select *Cumis* counsel before the insurer may pursue § 2860(c) remedies]; *Handy, supra*, 13

Cal.App.4th at p. 924 ["when contested, judicial resolution of the foundational issues of an insurer's duty to defend and the existence of a potential conflict of interest between an insurer and its insured are prerequisites to arbitration of any subsequent 'fee dispute' with independent counsel under Civil Code section 2860"].)

█ In sum, we affirm the denial of the petition to compel arbitration on the ground that substantial evidence in the record supports the trial court's finding that Caliber One failed to provide a defense in the underlying litigation, thereby precluding its invocation of the arbitration remedy for *Cumis* fee disputes in section 2860(c). Given the limited issues and evidence submitted in the trial court, our decision should not be read as expressing an opinion on any issues to be resolved in plaintiffs' lawsuit against Caliber One or Caliber One's right to seek relief under section 2860(c) "at a later time, if appropriate." (*Intergulf, supra*, 183 Cal.App.4th at p. 22.)[6]

## DISPOSITION

The order is affirmed. Plaintiffs are awarded costs on appeal.

Pollak, J., and Jenkins, J., concurred.

---

[6] In light of our determination, we need not address the other contentions raised by the parties.