[No. D055459. Fourth Dist., Div. One. Mar. 24, 2010.]

INTERGULF DEVELOPMENT LLC, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
INTERSTATE FIRE & CASUALTY COMPANY, Real Party in Interest.

**COUNSEL**

Allen Matkins Leck Gamble Mallory & Natsis and Valentine S. Hoy for Petitioner.

No appearance for Respondent.

Jerome M. Jackson and Doran B. Richart for Real Party in Interest.

**OPINION**

**McINTYRE, J.**—This case presents the question whether an insurer is entitled to binding arbitration of an alleged *Cumis* fee dispute pursuant to Civil Code section 2860, subdivision (c) in an action by the insured against the insurer for breach of contract and bad faith where there has been no determination that the insurer had a duty to defend and the parties dispute whether the insurer satisfied that duty and its obligations under Civil Code section 2860. (See *San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494] (*Cumis*), superseded by Civ. Code, § 2860 as stated in *Derivi Construction & Architecture, Inc. v. Wong* (2004) 118 Cal.App.4th 1268, 1276, fn. 1 [14 Cal.Rptr.3d 329]; undesignated statutory references are to the Civil Code.) Having considered the argument and additional briefing submitted by the parties following transfer from the Supreme Court, we conclude that the court erred in treating this case as a fee dispute subject to section 2860, subdivision (c), and ordering arbitration before questions of bad faith and breach of contract were resolved. Accordingly, we grant the relief requested.

## FACTUAL AND PROCEDURAL BACKGROUND

Treo @ Kettner Homeowners Association sued petitioner Intergulf Development LLC (Intergulf) and others for alleged defects in the construction of a condominium project in downtown San Diego. Real party in interest Interstate Fire & Casualty Company (Interstate) insured Intergulf from liability for bodily injury or property damage under a policy which read in part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages to which this insurance does not apply. We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result. . . ."

By letter dated March 19, 2007, Intergulf tendered the construction defect claims and demanded that Interstate defend and indemnify Intergulf as an additional insured in policies issued to its subcontractor. Interstate, a division of Fireman's Fund Insurance Company, responded that it would undertake an investigation "under a full and complete reservation of rights." On November 8, 2007, Interstate acknowledged receipt of tender and agreed to participate in Intergulf's defense through the law firm of Wood, Smith, Henning & Berman

subject to a reservation of rights. Ten days later, Intergulf objected in writing to the defense by Interstate's counsel, cited *Cumis* and section 2860, and requested appointment of independent counsel of Intergulf's choice. The letter closed with the request: "Please let me know whether Fireman's Fund will agree to counsel selected by Intergulf." There was no response from Interstate. By letter dated November 29, 2007, Intergulf requested that Interstate immediately reimburse Intergulf for its defense costs and reaffirmed that it was entitled to appointment of independent counsel. There was no response from Interstate. Intergulf wrote Interstate on January 7, 2008, "to follow-up on our previous requests for a defense from Fireman's Fund." It demanded payment of defense costs by January 21, 2009, stating that Interstate had "failed to satisfy its defense obligations . . . which in turn ha[d] caused Intergulf severe hardship and expense." There was no response from Interstate.

Intergulf sued Interstate for bad faith, breach of contract, and declaratory relief, seeking compensatory and punitive damages. It later acknowledged that Interstate made two payments toward the defense costs: (1) a payment of approximately $140,000 more than two months after Intergulf filed its complaint and (2) a payment of approximately $98,000 nine months after the first payment.

Five weeks before the scheduled trial, Interstate filed a petition to compel arbitration of what it characterized as a *"Cumis* Fee Dispute." Using language from section 2860, subdivision (c), counsel for Interstate declared that Luce, Forward, Hamilton & Scripps (Luce), Intergulf's independent counsel, was "attempting to charge legal fees far in excess of those actually paid by Interstate in the normal course of business, to attorneys retained by it to defend similar actions in San Diego County." Intergulf responded that the case was about the damages Interstate owed for breaching its duty to defend. It argued that because the questions of Interstate's duty to defend, conflict of interest and bad faith had not been resolved, Interstate did not satisfy the prerequisites for arbitration under section 2860, subdivision (c). The papers filed by both parties highlight the dispute over when, if ever, Interstate agreed that Intergulf was entitled to select its own counsel. Without citation to supporting evidence Interstate represented that it "ultimately" agreed to the demand that Luce serve as *Cumis* counsel. By declaration, counsel for Intergulf responded: "[A]s far as I know Interstate has never agreed that [Intergulf] was entitled to independent counsel in the Treo litigation."

Citing *Compulink Management Center, Inc. v. St. Paul Fire & Marine Ins. Co.* (2008) 169 Cal.App.4th 289 [87 Cal.Rptr.3d 72] (*Compulink*), and *Long v.*

*Century Indemnity Co.* (2008) 163 Cal.App.4th 1460 [78 Cal.Rptr.3d 483] (*Long*), the trial court granted Interstate's petition to compel arbitration and continued the trial pending completion of arbitration.

Intergulf challenged the trial court's ruling by filing a petition for writ of mandate in this court. We summarily denied the petition. The Supreme Court granted Intergulf's petition for review and transferred the matter to us with directions to vacate the order denying mandate and issue an order to show cause why the relief sought should not be granted.

Briefing in response to the order to show cause focused once again on the question whether Interstate satisfied its obligations under *Cumis* and section 2860. Interstate admitted that it did not pay Intergulf anything before April 1, 2008. It also represented that it "acceded" to Intergulf's demand for independent counsel but did not state when this occurred.

## DISCUSSION

■ We agree with Intergulf that the gravamen of the complaint is bad faith and breach of contract, not a dispute over the amount Interstate should pay independent counsel under section 2860, subdivision (c). Unreasonable delay in paying policy benefits or paying less than the amount due is an actionable withholding of benefits which may constitute a breach of contract as well as bad faith giving rise to damages in tort. (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 720, 723 [68 Cal.Rptr.3d 746, 171 P.3d 1082]; *Major v. Western Home Ins. Co.* (2009) 169 Cal.App.4th 1197, 1209 [7 Cal.Rptr.3d 556].) The general measure of damages for breach of duty to defend consists of the insured's cost of defense in the underlying action, including attorney fees. (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1088–1089 [31 Cal.Rptr.3d 43].) Breach of duty to defend also results in the insurer's forfeiture of the right to control defense of the action or settlement, including the ability to take advantage of the protections and limitations set forth in section 2860. (*Fuller-Austin Insulation Co. v. Highlands Ins. Co.* (2006) 135 Cal.App.4th 958, 984 [38 Cal.Rptr.3d 716] (*Fuller-Austin*); *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.* (N.D.Cal. 2005) 426 F.Supp.2d 1039, 1047 (*Atmel*).)

By filing the action for breach of contract, bad faith and declaratory relief, Intergulf gave Interstate notice that it was treating Interstate's failure to acknowledge Intergulf's right to independent counsel and delay in paying

policy benefits as a total breach of the duty to defend. (See *Coughlin v. Blair* (1953) 41 Cal.2d 587, 599 [262 P.2d 305] [filing suit gave defendant notice that plaintiff viewed its failure to perform as a total breach of contract]; see also *Sackett v. Spindler* (1967) 248 Cal.App.2d 220, 229–230 [56 Cal.Rptr. 435] [seller could treat persistent delay in payment for stock as total breach of the purchase agreement].) Intergulf's entitlement to damages for breach of contract and bad faith turns on (1) whether Interstate owed Intergulf a duty to defend in the first instance; and (2) whether Interstate breached that duty by failing to defend Intergulf "immediately" and "entirely" on tender of the defense. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 49 [65 Cal.Rptr.2d 366, 939 P.2d 766]; see *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 295 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) Neither of these questions had been resolved at the time the court granted Interstate's petition to compel binding arbitration of the purported fee dispute pursuant to section 2860, subdivision (c). A later determination that Interstate acted in bad faith or breached its duty to defend would place the section 2860, subdivision (c) procedures out of Interstate's reach. (*Fuller-Austin, supra,* 135 Cal.App.4th at p. 984; *Atmel, supra,* 426 F.Supp.2d at p. 1047.)

Section 2860, subdivision (c) reads in relevant part: "(c) When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications . . . . The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. *Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.*" (Italics added.)

Interstate and the trial court relied on *Compulink, supra,* 169 Cal.App.4th at pages 300–301, and *Long, supra,* 163 Cal.App.4th at page 1471, which construed section 2860, subdivision (c) to require binding arbitration of all contested issues concerning the amount of attorney fees owed independent counsel. We do not disagree with those holdings. However, unlike the case before us, *Compulink* and *Long* did not involve the preliminary question of duty to defend or disputes over if and when the insurer recognized the insured's right to select independent counsel. Instead, those cases were

disputes over the *amount* to be paid independent counsel. In *Compulink*, the insurer agreed to allow Compulink to select independent counsel to defend the third party suit, and Compulink's complaint for breach of contract and bad faith expressly alleged that the insurer underpaid attorney fees and costs. (*Compulink, supra*, 169 Cal.App.4th at pp. 293–294.) In *Long*, the insurer allowed counsel selected by the insured to conduct and control the entire defense, and "the gravamen of the breach-of-the-implied-covenant claim [was that independent counsel] was not paid the hourly rate he sought." (*Long, supra*, 163 Cal.App.4th at p. 1466, fn. 5.) The court further explained that independent counsel's dispute with the insurer "plainly is over the amount of fees paid, not whether [independent counsel] would defend [the insured] in the third party environmental cleanup litigation." (*Ibid.*)

This is a distinction *with* a difference. An order granting Interstate's petition might suggest that Interstate satisfied its obligations under section 2860. If Interstate can avail itself of section 2860, subdivision (c) before the question of duty to defend and breach are determined in the trial court, the arbitrator decides whether Luce charged legal fees "far in excess of" the amounts "actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended," as claimed by Interstate. (§ 2860, subd. (c).) If, on the other hand, Intergulf proves that Interstate owed it a duty to defend, breached that duty and/or committed bad faith as alleged in its complaint, at minimum, the trier of fact applies the contract measure of damages in the trial court. In these circumstances, a premature determination that Interstate is entitled to binding arbitration under section 2860, subdivision (c) may prejudice Intergulf's claim that Interstate failed to accept Intergulf's selection of independent counsel and pay its share of defense costs in a timely manner—a factual question at the heart of Intergulf's breach of contract and bad faith claims.

Accordingly, we conclude that the trial court abused its discretion by granting Interstate's petition to compel arbitration under section 2860, subdivision (c) before the parties resolved the issues raised by Intergulf's complaint, and Intergulf has no adequate remedy at law. (Code Civ. Proc., §§ 1085, 1086; *State Farm etc. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13].) Our decision does not prevent Interstate from pursuing its remedies under section 2860, subdivision (c) at a later time, if appropriate.

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its July 6, 2009, order granting Interstate's petition to compel arbitration pursuant to section 2860, subdivision (c), and enter an order denying the petition to compel arbitration. Intergulf is entitled to costs in the writ proceeding.

Haller, Acting P. J., and Aaron, J., concurred.