SIERRA PACIFIC INDUSTRIES,
Plaintiff,

v.

AMERICAN STATES INSURANCE
COMPANY, Defendant.

No. 2:11–cv–00346–MCE–JFM.

United States District Court,
E.D. California.

Aug. 1, 2012.

Denise Jarman, Law Office Of Denise Jarman, Santa Barbara, CA, Esta Lynne Brand, Lawrence A. Hobel, Covington & Burling LLP, San Francisco, CA, Joel Mastin Westbrook, Miles & Westbrook, Walnut Creek, CA, for Plaintiff.

Frank Falzetta, Scott Sveslosky, Brenda A. Bissett, Leo David Caseria, Sheppard Mullin Richter & Hampton LLP, Los Angeles, CA, Lisa Lynn Pan, The Biernat Law Group, Burlingame, CA, for Defendant.

## MEMORANDUM AND ORDER

MORRISON C. ENGLAND, JR., District Judge.

■ Before the Court is Plaintiff/Counterdefendant Sierra Pacific Industries' ("Sierra") Motion to Dismiss ("MTD") Defendant/Counterclaimant American States Insurance Company's ("ASIC") Second Claim for Relief in its Counterclaim.[1] (ECF No. 26.) Also before the Court is

1. Because oral argument would not be of material assistance, the Court ordered this

Sierra's Motion for Judgment on the Pleadings.[2] (ECF No. 27.) For the reasons that follow, both the Motion to Dismiss and the Motion for Judgment on the Pleadings are denied.

## BACKGROUND [3]

This lawsuit is based on Sierra's contention that ASIC breached its contractual duty to defend Sierra in multiple lawsuits stemming from the "Moonlight Fire," a 2007 fire in or near Plumas National Forest that burned approximately 65,000 acres. The primary issues that are presently in contention, both in Sierra's Motion to Dismiss the Second Claim in ASIC's Counterclaim and Sierra's Motion for Judgment on the Pleadings, relate to Sierra's desire to utilize the services of its choice of counsel and have ASIC pay that firm's billing rates, which run counter to ASIC's position that Sierra must either (1) accept ASIC's choice of panel counsel, or, if Sierra insists on its choice of counsel, (2) accept the panel counsel hourly rate of $150 an hour.

The underlying events giving rise to this action began in 2007, when Sierra entered into a timber harvest contract with multiple private landowners ("the Landowners") in Plumas County, in which Sierra agreed to defend, indemnify and hold harmless the Landowners from and against any and all claims arising from the timber harvest operations on the Landowner's property.[4] Sierra then subcontracted the timber harvest operations to Howell's Forest Harvesting ("Howell"). In its contract with Sierra, Howell agreed to defend and indemnify Sierra from all liability and damages that might arise out of the timber harvest. ASIC provided Howell with a commercial general liability ("CGL") insurance policy (the "Policy"), under which Sierra was an additional insured.[5]

In the Policy, ASIC agreed to "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," up to the limits of the Policy, and promised to "defend the insured against any 'suit' seeking those damages." (*See* Counterclaim at 5.) The Policy also includes a cooperation clause, obligating the insured to "[c]ooperate with us in

matter submitted on the briefing. E.D. Cal. R. 230(g).

2. Pursuant to Federal Rules of Evidence 201(b) (authorizing judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned"), in relation to its Motion for Judgment on the Pleadings, Sierra requests the Court take judicial notice of the United States' Complaint in the Eastern District of California, Case 2:09–cv–02445–KJM–EFB Filed 08/31/09. Sierra's request is unopposed and is the proper subject of judicial notice. *See, e.g., Champlaie v. BAC Home Loans Servicing, LP,* 706 F.Supp.2d 1029, 1040 (E.D.Cal.2009); *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001) (court may take judicial notice of matters of public record). Accordingly, Sierra's Request for Judicial Notice (ECF No. 28) is granted.

3. Except where otherwise noted, the following facts are taken from ASIC's Counterclaim. (ECF No. 20.) Page references to documents filed in this action will be to the Court's ECF pagination. For the purposes of the Motion to Dismiss, the Court accepts ASIC's facts as true and makes all inferences in the light most favorable to ASIC.

4. ASIC alleges that Sierra provided the Landowners with a certificate of insurance reflecting that it was covered under a commercial general liability insurance policy issued by the Insurance Company of the State of Pennsylvania.

5. Additional insurance is provided to other individuals or entities than those initially named on the named insured's policy.

the investigation, settlement or defense of the 'suit.'" (*Id.* at 7.)

The Moonlight Fire ignited in September 2007, and bulldozers operated by Howell employees may have caused the spark that ignited it.[6]

On August 7, 2009, the California Department of Forestry and Fire Protection ("Cal Fire") filed a complaint against Sierra, Howell and others in the Plumas County Superior Court seeking various costs and damages arising from the fire (the "Cal Fire Action"). In response, on or about August 26, 2009, Sierra retained Downey Brand LLP ("Downey Brand") to defend it. Then on August 31, 2009, the United States filed a complaint against Sierra, Howell and others in the Eastern District of California (the "Federal Action"), also seeking various costs and damages arising from the fire.

On or about September 9, Sierra advised ASIC of its intent to tender its defense in the Cal Fire Action.[7] Rhonda Cully ("Cully") was assigned to handle Sierra's claim. On September 22, Cully had a telephone conversation with Sierra's corporate counsel and during that call, Sierra's counsel advised Cully that Sierra had retained Downey Brand to defend it and that Sierra would be tendering its defense to ASIC. That day, Sierra's counsel sent a letter to ASIC tendering its defense in both cases.[8]

On September 30, Sierra's Downey Brand counsel apparently informed Cully by phone that he was preparing answers to the Complaints in both the Cal Fire Action and Federal Action. Then, on October 1, Cully, apparently in the course of a telephone conversation with representatives of Sierra, informed Sierra that ASIC was accepting Sierra's defense in the Cal Fire and Federal Action without a reservation of rights and would provide Sierra with panel counsel, specifically Mike Budra ("Budra") from the Law Office of James D. Biernat (the "Biernat firm"). ASIC maintains that Budra and the Biernat firm were qualified to defend Sierra, because the firm had tried a total of seventy cases to verdict, including ones in state and federal court, as well as some unspecified number of fire cases. Sierra's representatives, however, did not agree to ASIC's choice of counsel and indicated that because of the concerns regarding Sierra's excess exposure, Sierra wanted Downey Brand to continue as defense counsel.[9]

On October 7 and 14, Cully wrote to Sierra, confirming acceptance of the tender of defense without a reservation of rights and stating that ASIC had selected Budra of the Biernat firm as defense counsel. In addition, Cully communicated to Sierra that she understood Sierra had ob-

---

**6.** Several of the subsequent lawsuits also allege that Sierra was independently negligent because it had a non-delegable duty to have an employee on site to detect, control and suppress any fires in the area of Howell's operations. *See* Sierra's First Amended Complaint ("FAC"), ECF No. 11 at ¶ 18.

**7.** To be precise, ASIC states that Sierra contacted "Liberty Mutual," but Liberty Mutual appears to be a parent or otherwise related company to ASIC (the relationship is not defined in ASIC's counterclaim), so, in the interest of minimizing the number of names discussed herein, the Court will refer to Liberty Mutual as ASIC.

**8.** On or about September 30, 2009, the Landowners sent a letter to Sierra and/or Downey Brand tendering their defense of the Cal Fire and Federal Actions to Sierra pursuant to the indemnity provision in the Landowners/Sierra contract.

**9.** Although not discussed in ASIC's Counterclaim, Sierra's FAC indicates that ASIC's policy limit is $1 million, but the aggregate of all the claims in the seven actions that have been brought against Sierra (only two of which are discussed herein) is approximately $1 billion. *See* FAC at ¶¶ 20–23, 28.

tained an extension of time to respond in the Cal Fire Action and had not yet been served in the Federal Action.[10] For several days thereafter, Sierra and ASIC engaged in negotiations regarding whether Downey Brand or the Biernat firm would represent Sierra. Then, on October 23, a Sierra representative wrote to Cully arguing that Sierra had the right to select its own independent counsel because of the conflict between Sierra and Howell, which are both insured by ASIC.

On November 9, ASIC sent a letter to Sierra stating that Sierra was not entitled to independent counsel, but that ASIC was willing to pay the $150 per hour Biernat firm rate for Downey Brand's services. On or about January 1, 2010, Sierra rejected ASIC's contention that it had the right to select defense counsel, as well as ASIC's offer to pay the $150 per hour panel counsel rates for Downey Brand services.

Throughout 2009—November 2010, as Sierra tendered its defense for the various other actions that were filed against it, ASIC accepted the defense without a reservation of rights.[11] ASIC also represents that it defended Howell without a reservation of rights and provided Howell with panel counsel, but not the Biernat firm.

In October 2010, Sierra, for the first time, forwarded Downey Brand invoices for attorneys' fees and costs incurred in the Cal Fire Action and Federal Action for the period of August 2009—August 2010, which totaled approximately $1 million, to ASIC. ASIC alleges that Downey Brand provided only minimal services concerning a response to the Cal Fire Action before

Cully advised Sierra on October 1, 2009, that American was accepting its defense.

As ASIC received the Downey Brand invoices, it requested clarification for the various charges. Then, on or about February 1, 2011, ASIC issued a check for $582,819.41 to Sierra, which ASIC contends represented full payment of all Downey Brand invoices in defense of Sierra in the Moonlight Fire actions, adjusted for, inter alia, the $150 panel counsel billing rate, unnecessary and/or unreasonable charges, and non-defense work. On February 7, 2011, Sierra cashed the check and, that same day, it filed its complaint in this action.

On July 18, 2011, 2011 WL 2935878, this Court denied ASIC's Motion to Dismiss Sierra's First Amended Complaint. (ECF No. 19.) On August 1, 2011, ASIC filed its Counterclaim (ECF No. 20). In its Counterclaim, ASIC asserts two claims for relief: (1) declaratory relief, in which ASIC essentially seeks an order from this Court that it was entitled to control Sierra's defense in the Moonlight Fire actions and that the Biernat firm was not conflicted; and (2) breach of the duty to cooperate and/or breach of contract, in which ASIC contends that by refusing to relinquish control over the lawsuit and refused to accept panel counsel rates, Sierra breached its duty to cooperate or otherwise breached the contract with ASIC. (Counterclaim, ECF No. 20, pp. 20–24.) Sierra thereafter moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), ASIC's second claim for relief in its Counterclaim.[12] (MTD, ECF No. 26.) In its

---

10. ASIC goes on to allege that additional extensions for Sierra's response were thereafter granted in the Cal Fire Action and Federal Action.

11. In February, Sierra tendered the Landowners' defense in the various actions to ASIC, which ASIC then denied in March. ASIC thereafter sent Sierra a letter advising

Sierra that the Landowners were not "additional insureds" under the ASIC policy and the contract between ASIC and the Landowners was not otherwise covered under the ASIC contract.

12. All further references to "Rule" or "Rules" shall be to the Federal Rules of Civil Procedure unless otherwise noted.

Motion to Dismiss, Sierra generally alleges that ASIC cannot maintain this claim because it did not reserve its rights, the cooperation clause does not support an independent cause of action, and ASIC cannot allege any prejudice because the status quo is that Downey Brand is the present defense counsel and ASIC is paying Downey Brand panel counsel rates.

On September 8, 2011, Sierra filed its Motion for Judgment on the Pleadings. (("MJoP"), ECF No. 27.) In this motion, Sierra argues that ASIC's coverage only extends to SPI's vicarious liability, not its independent liability, therefore ASIC has an inherent and irreparable conflict of interest. Sierra seeks an order from this Court that declares that Sierra was entitled to independent counsel and that ASIC did not have the right to control Sierra's defense.

## ISSUES AND ANALYSIS

Currently before the Court are Sierra's Motion to Dismiss ASIC's second claim for relief in its Counterclaim (ECF No. 26) and Sierra's Motion for Judgment on the Pleadings (ECF No. 27). The Court will discuss each in turn.

### A. Motion to Dismiss
#### 1. Parties' Contentions

As a matter of law, Sierra contends that ASIC's second claim in its Counterclaim, which is for breach of the duty to cooperate and/or breach of contract, must be dismissed because: (1) ASIC did not reserve its rights and accepted the defense of all of Sierra's claims in all the Moonlight Fire actions, therefore, it is precluded from seeking reimbursement from Sierra; (2) as an insurer, ASIC cannot maintain a cause of action against its insured for a breach of the cooperation clause; and (3) ASIC does not and cannot allege any prejudice because it has conceded it was willing to use Downey Brand and paid the $150 panel counsel rate for Downey Brand's services. (MTD, ECF No. 26 at pp. 8–12.)

ASIC responds that: (1) Sierra breached the policy conditions that established ASIC's right to control Sierra's defense, which ASIC contends is both a failure to cooperate and a breach of California's implied covenant of good faith and fair dealing; (2) ASIC did not breach its defense obligation and its retained counsel did not have a conflict of interest; and (3) ASIC's acceptance of Sierra's defense without a reservation of rights did not waive its right to relief for Sierra's alleged breach of contract. (Opposition, ECF No. 29 at 7–23.)

Sierra replies that: (1) ASIC can not maintain an action for reimbursement without a reservation of rights; (2) ASIC cannot maintain an action for damages based on a breach of the cooperation clause; (3) because there is no breach of the cooperation clause, there is no presumption of prejudice; (4) ASIC waived its right to reimbursement when it advanced defense costs without reserving its rights; and (5) Sierra did not breach the contract by using independent counsel. (Reply, ECF No. 31 at 5–13.)

#### 2. Standard for 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554–55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and quotations omitted).

Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955 (internal citations and quotations omitted). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Moreover, "Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly,* 550 U.S. at 555, n. 3, 127 S.Ct. 1955 (internal citations omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *Iqbal,* 556 U.S. at 680, 129 S.Ct. 1937.

■ A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amend-

ment, [or] futility of the amendment...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Leave to amend is generally denied when it is clear the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.1992); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

### 3. Analysis

■ An insurer is required to defend its insured if the underlying claim against the insured is potentially covered by the policy. *George F. Hillenbrand, Inc. v. Ins. Co. of N. Am.,* 104 Cal.App.4th 784, 800, 128 Cal.Rptr.2d 586 (Cal.Ct.App.2002). An insurance policy's duty to defend is broader than the duty to indemnify, and an insurer must defend a suit which potentially seeks damages within the coverage of the policy. *Anthem Elecs., Inc. v. Pac. Emp'rs Inc. Co.,* 302 F.3d 1049, 1054 (9th Cir.2002). The duty to defend is "a continuing one, arising on tender of defense and lasting until the underlying lawsuit is concluded." *Montrose Chem. Corp. v. Super. Ct.,* 6 Cal.4th 287, 295, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (Cal.1993). "Imposition of an immediate duty to defend is necessary to afford the insured what it is entitled to: the full protection of a defense on its behalf." *Id.*

■ The duty to defend imposes upon the insurer several responsibilities:

(1) to make immediate inquiry into the facts of any serious accident as soon as practicable after its occurrence; (2) on the filing of suit against its assured to employ competent counsel to represent the assured and to provide counsel with

adequate funds to conduct the defense of the suit; (3) to keep abreast of the progress and status of the litigation in order that it may act intelligently and in good faith on settlement offers.

*Merritt v. Reserve Insurance Co.*, 34 Cal. App.3d 858, 882, 110 Cal.Rptr. 511 (Cal.Ct. App.1973).

In general, an insurer has the right to control the defense it provides to its insured. *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal.App.4th 1093, 1105, 111 Cal. Rptr.2d 181 (Cal.Ct.App.2001). However, when an insurer breaches its duty to defend, the insurer forfeits its right to control defense of the action. *Intergulf Dev. v. Super. Ct.*, 183 Cal.App.4th 16, 20, 107 Cal.Rptr.3d 162 (Cal.Ct.App.2010) (citing *Fuller–Austin Insulation Co. v. Highlands Ins. Co.*, 135 Cal.App.4th 958, 984, 38 Cal.Rptr.3d 716 (Cal.Ct.App.2006); *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 426 F.Supp.2d 1039, 1047 (N.D.Cal. 2005)). As such, when an insured breaches the duty to defend, an insured has the right to retain its own counsel to defend it. *See Amato v. Mercury Cas. Co.*, 53 Cal. App.4th 825, 834, 61 Cal.Rptr.2d 909 (Cal. Ct.App.1997).

Furthermore, the duty to appoint independent counsel materializes when a conflict of interest arises between the insurer and insured. *See San Diego Federal Credit Union v. Cumis Ins. Society, Inc.*, 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (Cal. Ct.App.1984); now codified at Cal. Civ. Code § 2860(a).[13] In particular, independent counsel is required where there is a reservation of rights "and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim." Cal. Civ. Code § 2860(b).[14]

The fact that the insurer disputes coverage and is defending on a "reservation of rights" basis does not preclude insurer-appointed independent counsel from providing a quality defense. *Dynamic Concepts, Inc. v. Truck Ins. Exch.*, 61 Cal.App.4th 999, 1007, 71 Cal.Rptr.2d 882 (Cal.Ct.App.1998); *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal.App.4th 1372, 1394, 25 Cal.Rptr.2d 242 (Cal.Ct.App. 1993). To establish a sufficient conflict to disqualify the insurer from controlling the defense of its insured, the conflict must be "significant, not merely theoretical, actual, not merely potential." *James 3 Corp.*, 91 Cal.App.4th at 1101, 111 Cal.Rptr.2d 181 (quoting *Dynamic Concepts*, 61 Cal. App.4th at 1007, 71 Cal.Rptr.2d 882).

A disqualifying conflict exists if the insurer-appointed independent counsel has "incentive to attach liability to the insured." *Id.* (quoting *Blanchard v. State Farm Fire & Cas. Co.*, 2 Cal.App.4th 345,

---

**13.** Cal Civ. Code § 2860(a) provides, in full:

> If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel. An insurance contract may contain a provision which sets forth the method of selecting that counsel consistent with this section.

**14.** Cal Civ. Code § 2860(b) provides, in full:

> For purposes of this section, a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist. No conflict of interest shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy limits.

350, 2 Cal.Rptr.2d 884 (1991)). "The test is whether the conflict precludes the insurer-appointed counsel from presenting a quality defense for the insured." *Id.* (quoting 7 Croskey et al., *Cal. Practice Guide: Ins. Litig.* 772 (1999)). However, "[n]o conflict of interest shall be deemed to exist ... solely because an insured is sued for an amount in excess of the insurance policy limits." Cal. Civ. Code § 2860(b).

Before turning to a discussion of the parties' contentions, the Court notes that the facts as alleged by ASIC in its Counterclaim contrast in material ways with those alleged by Sierra in its First Amended Complaint and relied on by the Court in its July 18, 2011, Order denying ASIC's Motion to Dismiss. Specifically, in Sierra's First Amended Complaint, Sierra generally alleges that it timely tendered its defense and ASIC delayed providing Sierra with defense counsel, which compelled Sierra to retain Downey Brand as its independent counsel. (*See, e.g.,* this Court's July 18, 2011, Order, ECF No. 19 at 3.)

In contrast, ASIC alleges in its Counterclaim that Sierra retained Downey Brand to conduct its defense of the Moonlight Fire actions *before* it ever contacted ASIC, that Sierra maintained from the outset that it desired to keep Downey Brand, and that Sierra refused to relinquish control of the litigation to ASIC. ASIC also contends that it timely: (1) responded to all of Sierra's communications; (2) agreed to defend without a reservation of rights; and (3) procured competent independent counsel—The Biernat firm—to defend Sierra.

■ Relying on *Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766 (Cal.1997) and its progeny, Sierra contends that ASIC cannot, as a matter of law, seek reimbursement for costs because it did not proceed with Sierra's defense under a reservation of rights. (*See* MTD, ECF No. 26 at 8–9.) This argument is unavailing. The principle established by *Buss* is that an insurer must specifically reserve its rights if it wishes to seek reimbursement for claims that may potentially not be covered under the operative policy. *Buss,* 16 Cal.4th at 49–53, 59, 65 Cal.Rptr.2d 366, 939 P.2d 766. However, coverage is not at issue here. Rather, what is at issue is whether ASIC can recover from Sierra because Sierra allegedly breached its contract with ASIC by refusing to relinquish control of its defense. Furthermore, ASIC's contention that Sierra cannot show prejudice because it eventually wrote a check for Downey Brand's services at the $150 an hour panel counsel rate is also unpersuasive, as ASIC's compromise does not establish that it did not suffer damage or detriment to its legal rights.

As alleged by ASIC, Sierra's actions interfered with ASIC's right to control the litigation, in contravention to Sierra's obligation under the Policy to relinquish control of the defense to ASIC and to cooperate with ASIC in its defense. *See, e.g., Safeco Ins. Co. v. Superior Court,* 71 Cal. App.4th 782, 787, 84 Cal.Rptr.2d 43 (Cal. Ct.App.1999) ("When the insurer provides a defense to its insured, the insured has no right to interfere with the insurer's control of the defense ...."); *Truck Ins. Exchange v. Unigard Ins. Co.,* 79 Cal.App.4th 966, 94 Cal.Rptr.2d 516 (Cal.Ct.App.2000) ("Where an insured violates a cooperation clause, the insurer's performance is excused if its ability to provide a defense has been substantially prejudiced.") At this stage of the litigation, the Court cannot find, as a matter of law, that ASIC cannot state a cause of action for breach of contract.[15] *See, e.g., Kransco v. American*

---

15. To the extent that both parties are supporting their arguments with memorandum decisions of the Ninth Circuit, the Court finds these cases to be factually distinguishable and otherwise unpersuasive.

*Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400–402, 97 Cal.Rptr.2d 151, 2 P.3d 1 (Cal.2000) (noting that the "duty of good faith and fair dealing in an insurance policy is a two-way street, running from the insured to his insurer as well as vice versa" and that "[b]ecause the covenant is a contract term, in most cases compensation for its breach is limited to contract rather than tort remedies" (internal quotation marks and citation omitted)).

Here, the Policy establishes that ASIC has a duty to defend and that Sierra has a duty to cooperate in ASIC's defense. Specifically, ASIC alleges that it: (1) did not delay in acknowledging coverage, accepting defense, or paying defense costs; (2) did so without a reservation of rights; and (3) timely provided competent counsel. Further, ASIC contends that there was no conflict of interest, and therefore no right to independent counsel for Sierra, because: (1) ASIC defended without a reservation of rights; (2) its Counterclaim is independent of the coverage issues and does not create a right to independent counsel; and (3) whether ASIC is obligated to defend the Landowners is also an independent issue.

Because the Court is not persuaded by Sierra's argument that, as a matter of law, ASIC cannot proceed on its Second Claim for Relief in its Counterclaim, the Court therefore denies Sierra's Motion to Dismiss.

### B. Motion for Judgement on the Pleadings

#### 1. Parties' Contentions

In its motion for Judgment on the Pleadings (MJoP, ECF No. 27), Sierra contends that the pleadings establish that, as a matter of law, ASIC had a duty to provide independent counsel because of conflicts of interest, despite the fact that ASIC did not reserve its rights. Specifically, Sierra argues that ASIC's Policy does not cover claims related to SPI's independent negligence, only Sierra's vicarious liability for Howell's negligence, therefore the United States' allegation in the Federal Action that Sierra has independent liability for its failure to maintain a fire lookout constitutes a conflicting interest that cannot be reconciled and mandates independent counsel. Sierra also contends that ASIC's interest in keeping costs low is an insurmountable conflict of interest in such high-stakes litigation. Finally, Sierra argues that ASIC's counterclaim automatically requires independent counsel.

ASIC responds that the pleadings do not establish a conflict of interest entitling Sierra to independent counsel.[16] (ECF No. 30.) In particular, ASIC states that Sierra's "independent liability" argument does not establish a conflict of interest because ASIC waived the right to contest coverage on that ground when it accepted Sierra's defense without a reservation of rights and provided competent counsel in the form of the Biernat firm. ASIC also contends that its counterclaim does not create a conflict of interest because coverage is not at issue, rather, Sierra's alleged breach of the contract is at issue. Furthermore, ASIC argues that the high stakes nature of the litigation does not create a conflict of interest.

#### 2. Standard

■■■ Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." Rule 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a

---

**16.** ASIC also argued that Sierra's motion was premature. Although that may have been true at the time, it is no longer the case, and the Court is inclined to consider the merits of Sierra's motion.

claim, and therefore the same legal standard applies. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir.2011). That is, a court considers "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Id.* at 1054.

### 3. Analysis

 " 'As statutory and case law make clear, not every conflict of interest triggers an obligation on the part of the insurer to provide the insured with independent counsel at the insurer's expense. For example, the mere fact the insurer disputes coverage does not entitle the insured to Cumis counsel; nor does the fact the complaint seeks punitive damages or damages in excess of policy limits.' " *James 3 Corp.*, 91 Cal.App.4th at 1101, 111 Cal.Rptr.2d 181 (quoting *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal. App.4th 1372, 1394, 25 Cal.Rptr.2d 242 (Cal.Ct.App.1993)). For independent counsel to be required, the conflict of interest must be "significant, not merely theoretical, actual, not merely potential." *Dynamic Concepts*, 61 Cal.App.4th at 1007, 71 Cal.Rptr.2d 882.

Here, ASIC accepted Sierra's defense without a reservation of rights to contest coverage based on Sierra's independent liability. Given that ASIC proceeded without a reservation of rights, the Court cannot conclude that, as a matter of law, the independent liability claim against Sierra in the federal action gives rise to an actual conflict of interest with ASIC. *See Foremost Ins. Co. v. Wilks*, 206 Cal.App.3d 251, 258, 253 Cal.Rptr. 596 (Cal.Ct.App.1988) (holding no right to independent counsel in a defamation action where the insurer agreed to defend without raising intentional acts exclusion).

Furthermore, it is clearly established that the fact that the value of the case is in excess of the policy limits does not create a conflict of interest. *James 3 Corp.*, 91 Cal.App.4th at 1101, 111 Cal.Rptr.2d 181; Cal. Civ. Code § 2860(b) ("[n]o conflict of interest shall be deemed to exist . . . solely because an insured is sued for an amount in excess of the insurance policy limits"). Sierra's argument that there is a conflict because the value of the case exceeds the Policy's limits and ASIC has an incentive to keep costs low is a minor variation on this argument and is therefore on unavailing.

Sierra's contention that ASIC's Counterclaim automatically creates a conflict of interest is also unpersuasive. As discussed above, ASIC accepted Sierra's defense without a reservation of rights and the claims for relief in ASIC's Counterclaim are independent of the issues in the underlying case. There is, in short, no reason to conclude, as a matter of law, that there is a conflict of interest.

Although the Court noted in its prior order that "Plaintiff points to numerous potential conflicts of interest" and stated that "[t]hese conflicting interests cannot be reconciled, and may be sufficient" to entitle Sierra to independent counsel (*see* ECF No. 19 at 11–12), the Court cannot conclude that, as a matter of law, that there is a significant actual conflict of interest between ASIC and Sierra that entitles Sierra at this time to a judicial determination that it was and is entitled to independent counsel.

Therefore, the Motion for Judgment on the Pleadings is denied.

### CONCLUSION

As a matter of law, and for the reasons set forth above, Sierra's Motions to Dismiss ASIC's Second Claim for Relief in its Counterclaim (ECF No. 26.) and for Judg-

ment on the Pleadings (ECF No. 27.) are DENIED.

IT IS SO ORDERED.